**Shu Le LIN, Petitioner,**

v.

**Alberto R. GONZALES,[1] Respondent.**

**No. 04–3692–AG.**

United States Court of Appeals,
Second Circuit.

Feb. 2, 2006.

Peter D. Lobel, New York, New York, for Petitioner.

Joseph S. Van Bokkelen, United States Attorney, Toi Denise Houston, Assistant United States Attorney, for the Northern District of Indiana, Hammond, Indiana, for Respondent.

PRESENT: Hon. ROGER J. MINER, Hon. DENNIS JACOBS, and Hon. RICHARD C. WESLEY, Circuit Judges.

### SUMMARY ORDER

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DE-CREED that the petition for review is denied.

Shu Le Lin, through counsel, petitions for review of the BIA decision affirming the decision of an immigration judge ("IJ")

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is substituted for former Attorney General John Ashcroft, as respondent in this case.

denying her applications for asylum and withholding of removal claims. Lin did not brief the denial of his CAT claim on appeal to the BIA or this Court. We assume the parties' familiarity with the underlying facts and procedural history of the case.

This Court reviews the BIA's factual findings under the substantial evidence standard, and as such, "a finding will stand if it is supported by 'reasonable, substantial, and probative' evidence in the record when considered as a whole." *Secaida–Rosales v. INS*, 331 F.3d 297, 307 (2d Cir.2003) (quoting *Diallo v. INS*, 232 F.3d 279, 287 (2d Cir.2000)). Factual findings may be overturned only if any reasonable adjudicator would be compelled to conclude to the contrary. *See* 8 U.S.C. § 1252(b)(4)(B); *Zhou Yun Zhang v. INS*, 386 F.3d 66, 73 (2d Cir.2004).

In this case, the BIA's credibility determinations were substantially supported by the record as a whole, and were based on numerous and specific examples in the record of Lin's contradictory testimony and implausibilities. Therefore, the petition is denied.

Furthermore, because Lin did not brief the denial of her CAT claim on appeal to the BIA or this Court, Lin has waived any challenge to the IJ's CAT finding. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 541 n. 1 (2d Cir.2005); *LoSacco v. City of Middletown*, 71 F.3d 88, 92–93 (2d Cir. 1995) (holding that an issue is abandoned when not raised in an appellate brief).

Having completed our review, any stay of removal that the Court previously granted in this proceeding is VACATED, and any pending motion for a stay of removal in this proceeding is DENIED as moot. Any pending request for oral argument is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2) and Second Circuit Local Rule 34(d)(1).